# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN FABER and JOHN BERGSTROM,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br><br>COUNTY OF SAN DIEGO, SAN DIEGO SHERIFF'S DEPARTMENT, and DOES 1–10,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 08CV2017 JLS (BGS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 17) |

Presently before the Court is Defendants' motion to dismiss Plaintiffs John Bergstrom and Ryan Faber's consolidated complaint. (Mot. to Dismiss, ECF No. 17)  Also before the Court is Plaintiffs' response in opposition, (Resp. in Opp'n, ECF No. 23), and Defendants' reply in support, (Reply in Supp., ECF No. 24).  Having considered the parties' arguments and the law, the Court **GRANTS** Defendants' motion to dismiss.

## BACKGROUND

This action arises out of an incident that took place while Plaintiffs were both serving criminal sentences in the San Diego County Jail. (Compl. ¶ 8, ECF No. 1)[1]  While incarcerated, Plaintiffs were assigned to a cell that had three-tiered bunk beds. (*Id.* ¶ 9)  Plaintiff Faber was assigned to the center bunk, with one bunk below and another above him, (*Id.*); Plaintiff

---

[1] On September 2, 2009, this Court ordered consolidated Case Nos. 08cv2017 (Faber) and 08cv2248 (Bergstrom) because the separate actions arose from the same incident and involve common questions of law and fact. (Order, Sept. 2, 2009, ECF No. 13)  The Plaintiffs' complaints are nearly identical; thus, for simplicity, the citations in this Order are to Mr. Faber's complaint, unless otherwise indicated.
　　Additionally, because the paragraphs in the complaint are not consecutively numbered, citations in this Order correspond to the Court's consecutive renumbering.

Bergstrom was assigned to the upper bunk, with two bunks below him, (Bergstrom Compl. ¶ 9, ECF No. 1).  While Plaintiffs were in their bunks, the upper bunk collapsed onto the center bunk, causing both Plaintiffs to suffer serious head, neck, back, and leg injuries. (Compl. ¶ 9, ECF No. 1)

Plaintiffs both filed complaints against the County of San Diego under and 42 U.S.C. § 1983 for "creation and perpetuating of a dangerous condition of the bunk structure," (*Id.* ¶ 20), and failure "to provide timely and adequate medical treatment," (*Id.* ¶ 23).  Plaintiffs also filed claims under California state law for negligence.  (*Id.* ¶ 27–31)  Defendants move to dismiss on the basis that Plaintiffs failed to "exhaust all the administrative remedies available before filing suit, and so fail to state any viable claims as a matter of law," (Mot. to Dismiss 2, ECF No. 17), and because they cannot as a matter of law state a claim under California state law, (*Id.* at 5–6).

## LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Section 1997e(a) has been construed broadly to "afford[] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case," *id.* at 525, and to encompass inmate suits about both general circumstances and particular episodes of prison life, *id.* at 532.  Finally, "[t]he 'available' 'remedy' must be 'exhausted' before a complaint under § 1983 may be entertained," "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see also McKinney v. Carey*, 311 F.3d 1198, 1200–01 (9th Cir. 2002).

## ANALYSIS

**1. 42 U.S.C. § 1983 Claims**

"[F]ailure to exhaust is an affirmative defense" that defendants must establish. *Jones v. Bock*, 549 U.S. 199, 216 (2007).  "In deciding a motion to dismiss for a failure to exhaust

nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1119–20 (9th Cir. 2003).  To support their claim that Plaintiffs did not exhaust administrative remedies, Defendants submit declarations of two employees of the County of San Diego Sheriff's Department who are familiar with Sheriff's Department policies and procedures as they pertain to inmate grievances, (Decl. Sue Smith, ECF No. 17-2); (Decl. Rodrick Smith, ECF No. 17-3), a description of the grievance procedure from the facilities manual, and a copy of an inmate grievance form, (Not. Lodgment, ECF No. 17-4).

Defendants describe the administrative remedies available to Plaintiffs as follows:

> San Diego County jails have an administrative grievance procedure by which all inmate grievances are addressed.  Grievance forms are readily available and provided for all inmates to complete and submit, with three successive levels of subsequent review in which facility staff can resolve the grievance.  Each level of review provides the inmate with a written response and a resolution or reasons for its denial.
>
> The first level of review is conducted by a first level supervisor.  If an inmate is not satisfied with the proposed resolution of his grievance at the first level he can appeal to an intermediate level of review conducted by a sworn supervising officer designated as the jail facility's grievance review officer.  If an inmate is dissatisfied with the proposed resolution at that level of review, he can appeal his to the third and final level of review conducted by the Facility Commander.

(*Id.* at 3–4 (citing (Decl. Sue Smith, ECF No. 17-2); (Decl. Rodrick Smith, ECF No. 17-3); (Not. Lodgment, ECF No. 17-4)))

Sergeant Rodick Smith's declaration indicates that grievance forms were available for inmate use,  (Decl. Rodrick Smith ¶ 4, ECF No. 17-3), and that Defendants made Plaintiffs aware of the availability of the grievance procedure: "The South Bay Jail booking process shows all incoming inmates entering the facility a video presentation explaining the administrative grievance process.  That video is re-played on all dayroom televisions throughout every County detention facility at noon each day,"  (*Id.* ¶ 3).  The declarations further state that "based on [a] review of Plaintiffs Ryan Faber's and John Bergstrom's respective jail booking, grievance, and disciplinary records, neither Ryan Fabor nor John Bergstrom filed any written grievance or complaint regarding their tiered shared bunk's condition prior to its collapse," (*Id.* ¶ 13), and "[n]either Plaintiff Ryan Faber nor Plaintiff John Bergstrom submitted any grievance forms regarding the medical treatment they received for the injuries sustained when the tiered bunk they shared

1  partially collapsed, and made no grievances regarding inadequate or ineffective medical
2  treatment," (Decl. Sue Smith ¶ 13, ECF No. 17-2).  Accordingly, the Court finds that Defendants
3  have met their burden of showing that Plaintiffs did not properly exhaust their administrative
4  remedies as required by 42 U.S.C. § 1997e(a).

5  Apparently conceding nonexhaustion, Plaintiffs contend that they should be excused from
6  the exhaustion requirement because, in this context, the administrative grievance procedure was
7  not an "efficacious way to gain a remedy for ill-treatment behind bars."  (Resp. in Opp'n 2, ECF
8  No. 23)  There is no futility exception to the PLRA's exhaustion requirement, however.  *Booth*,
9  532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion
10 requirements where Congress has provided otherwise.").  Nevertheless, there is an exception to the
11 exhaustion requirement "where a prison official renders administrative remedies effectively
12 unavailable by improperly screening a prisoner's grievances."  *Sapp v. Kimbrell*, 623 F.3d 813,
13 823 (9th Cir. 2010).  To invoke this exception, a prisoner must establish

> (1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations.

17 *Id.* at 823–24.

18 Plaintiffs have not made the necessary showing for this exception to apply.  Both Plaintiffs
19 submitted declarations in support of their opposition brief indicating that they "made oral
20 complaints about the incident and their injuries," but that these complaints were never acted upon
21 nor entered into their respective files.  (Resp. in Opp'n 3, ECF No. 23 (citing (Faber Decl., ECF
22 No. 23-4) (Bergstrom Decl., ECF No. 23-3))  These allegations do not demonstrate that either
23 Plaintiff properly submitted a formal grievance pursuant to the procedures outlined above,
24 however, and are insufficient to satisfy the first prong of the *Sapp* exception—that Plaintiffs
25 actually filed grievances that would have sufficed to exhaust the claims.  *See Woodford v. Ngo*,
26 548 U.S. 81, 90 (2006) (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) ("proper
27 exhaustion" requires "using all steps the agency holds out, and doing so *properly*")).

28 Thus, because Defendants have carried their burden to establish that Plaintiffs failed to

exhaust their administrative remedies, and because Plaintiffs are unable to invoke any exception to the exhaustion requirement, Defendants' motion to dismiss the 42 U.S.C. § 1983 claims is **GRANTED**.

**2. State Law Claims**

Having dismissed the claims underlying this Court's original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c).

**CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss the 42 U.S.C. § 1983 claims is **GRANTED**; Plaintiffs' 42 U.S.C. § 1983 claims are **DISMISSED WITHOUT PREJUDICE**. The Court declines supplemental jurisdiction over the remaining state claims; Plaintiffs' state law claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DATED: October 31, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge